[No. B107226. Second Dist., Div. Seven. Mar. 19, 1998.]

RINALDI CONVALESCENT HOSPITAL, Plaintiff and Appellant, v. DEPARTMENT OF HEALTH SERVICES, Defendant and Respondent.

374

---

**COUNSEL**

Joseph S. Fischbach for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Charlton G. Holland III, Assistant Attorney General, John H. Sanders and Patricia L. Nagler, Deputy Attorneys General, for Defendant and Respondent.

OPINION

JOHNSON, J.—Following an audit by the Department of Health Services, Rinaldi Convalescent Hospital (Rinaldi) was ordered to reimburse the department for the cost of adult diapers and dietary supplements improperly charged to the Medi-Cal program. Rinaldi sought review of this order by way of a petition for writ of mandate in the superior court. The court denied the writ and Rinaldi appeals. We reverse.

## FACTS AND PROCEEDINGS BELOW

Rinaldi is a skilled nursing facility (SNF) licensed and certified by the department to provide health care services to eligible beneficiaries of the Medi-Cal program. The costs of providing such services are reimbursed on a per diem basis as defined and limited by the department's regulations.

Certain Medi-Cal beneficiaries, the "medically needy," have sufficient income to pay a portion of the cost of their care in a SNF. These beneficiaries are required to apply their income (minus certain allowances) to the cost of their SNF care. The amount the beneficiary must pay toward the cost of her care, referred to as her "share of cost," reduces the amount Medi-Cal must pay the SNF for the beneficiary's care. Naturally, the allowances the beneficiary is permitted to exclude from her income in calculating her share of cost increases the amount Medi-Cal must pay the SNF for the beneficiary's care.

In the present case, a department audit for the period July 1, 1989, through October 31, 1992, determined Rinaldi improperly allowed certain medically needy patients to exclude from their income the cost of adult diapers and nutritional supplements. It is undisputed the adult diapers were prescribed by the patients' doctors, not for incontinence, but to prevent the patients from digging and scratching and opening wounds in their genital and rectal areas. It is also undisputed the nutritional supplements were prescribed by doctors treating patients with decubiti, a form of skin eruption, to replace protein lost due to these open wounds.

Rinaldi appealed the audit to the department, which issued a final decision upholding the auditors' disallowance of the cost of the diapers and nutritional supplements. Rinaldi was ordered to repay approximately $46,000 in excess per diem payments.

Having exhausted its administrative remedies, Rinaldi sought administrative mandamus in the superior court. (Code Civ. Proc., § 1094.5.) The trial court denied Rinaldi's petition and this appeal followed.

## DISCUSSION

I. *The Department's Refusal to Recognize the Expense of Medically Necessary Adult Diapers in Calculating SNF Patients' "Share of Cost" Violates Federal Law and Its Own Regulations and Administrative Orders.*

██ In calculating the amount of a Medi-Cal beneficiary's "share of cost," federal law requires the beneficiary be allowed to deduct from her income the expense incurred for "[n]ecessary medical or remedial care recognized under State law but not covered under the State's Medicaid plan, subject to reasonable limits the agency may establish on amounts of these expenses." (42 C.F.R. § 435.832(c)(4)(ii) (1997).) The purpose of this rule is to prevent the share of cost from consuming all of the beneficiary's income, leaving her with no means to pay for necessary medical expenses not covered by Medi-Cal. Thus, when a Medi-Cal beneficiary residing in an SNF requires a service or supply which is medically necessary but not covered by Medi-Cal, the SNF may obtain and provide that service or supply and credit the expense toward the beneficiary's share of cost.

In the audit period at issue here, Rinaldi credited its medically needy Medi-Cal patients with approximately $31,000 toward their shares of cost based on the amount it spent for adult diapers prescribed by the patients' physicians. The department disallowed this credit on the ground adult diapers are covered by Medi-Cal, subject to prior authorization, and therefore their expense could not go to reduce the patients' shares of cost. The department demanded Rinaldi reimburse it for the resulting excess per diem Rinaldi received during the audit period.

Adult diapers are not covered by Medi-Cal for patients of SNF's. During the audit period at issue, title 22, California Code of Regulations, section 59998, subdivision (a)(4) provided in relevant part: "Medical supplies provided to inpatients receiving skilled nursing facility services . . . shall be reimbursed only if the item is: (A) Marked with a double asterisk (**)." In this regulation "Incontinence supplies," which include adult diapers, is marked with a single asterisk (*). (*Id.*, subd. (b).) Thus adult diapers, whether used for incontinence or to prevent the patients from harming themselves, were not covered under Medi-Cal for SNF patients.[1]

The department does not deny the diapers were medically necessary for the patients who received them. Therefore, because they are not covered

---

[1]"Incontinence supplies" for non-SNF patients are covered under Medi-Cal, subject to prior authorization, but only for use "in chronic pathologic conditions causally related to the patient's incontinence." (Cal. Code Regs., tit. 22, § 59998, subd. (b).)

by Medi-Cal, their expense must be deducted from income in calculating the patients' shares of cost "subject to reasonable limits." (42 C.F.R. 435.832 (c)(4)(ii) (1997).)

By administrative directive the department has provided, for purposes of calculating "share of cost," the only limitation on a medically necessary, noncovered item is a requirement for a physician's prescription. The directive states, in relevant part: "[A]ll Medi-Cal beneficiaries in long-term care . . . facilities must obtain a physician's prescription or order for any non-covered medical or remedial drug or service the cost of which is to be applied towards his/her share of cost." The directive goes on to provide the records of a SNF "are subject to audit . . . to verify: (1) that the prescription or order is on file; (2) that the services used to meet the share of cost are not included in the Medi-Cal per diem rate paid to the . . . facilities and (3) the accuracy of the facility's accounting procedures."[2] At an administrative hearing the department bears the burden of justifying its audit exceptions. (Cal. Code Regs., tit. 22, § 51037, subd. (i).) In the present case the department offered no evidence the prescriptions for the diapers were not on file with Rinaldi or that there were inaccuracies in Rinaldi's accounting procedures. The hearing decision found adult diapers were not included in the per diem rate paid to Rinaldi.

For the reasons set forth above, the department's decision holding the expense of doctor-prescribed, medically necessary adult diapers cannot be deducted from SNF patients' shares of cost violated federal law as well as the department's own regulations and administrative directives and the audit exception for this expense is not supported by the evidence.

II. *The Department Was Correct in Disallowing the Cost of Nutritional Supplements.*

Unlike adult diapers, nutritional supplements are included in the SNF's per diem rate. Therefore, they do not fall within the category of medically necessary noncovered items whose expense must be set off against the patient's share of cost. (42 C.F.R. § 435.832(c)(4)(ii) (1997).)

Rinaldi concedes the cost of its patients' food, including nutritional supplements, is included in the Medi-Cal per diem rate but argues dietary items such as Ensure, Isocal and Sustical are not "food" when used as part of the medical treatment for decubitus ulcers and not as a food supplement. We reject this argument.

[2]California Department of Health Care Services, "All County Welfare Directors Letter No. 89-54" [July 24, 1989 Transfer Binder] Medi-Cal Guide (CCH) paragraph 7108, pages 2915-2916.

"Food" is defined as "a material . . . used in the body of an organism to sustain growth, repair, and vital processes and to furnish energy." (Webster's New Collegiate Dict. (7th ed. 1972) p. 324.) The undisputed evidence in this case shows the purpose of nutritional supplements is to provide complete, balanced nutrition "whenever the patient's medical, surgical or psychological state precludes normal food intake or leads to inadequate nutrition." Thus, while a patient suffering from a decubitus ulcer may lack adequate nutrition and require additional sources of protein, this does not convert the source of that protein from a food into a drug or some other form of medicine.

For these reasons we conclude the department properly rejected an allowance for the expense of nutritional supplements in computing the patients' share of cost.

## DISPOSITION

The order denying the petition for writ of mandate is reversed. The cause is remanded to the trial court with directions to enter a new and different order granting the petition and directing the Department of Health Services to reverse the audit adjustment for "incontinent supplies" in the amount of $31,584.61. Each party to bear its costs on appeal.

Lillie, P. J., and Neal, J., concurred.

A petition for a rehearing was denied April 14, 1998.